

# IN THE
# TENTH COURT OF APPEALS

### No. 10-20-00083-CR

**LEON CORNELIOUS,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 19th District Court
McLennan County, Texas
Trial Court No. 2019-1204-C1**

## ABATEMENT ORDER

Appellant's brief was due on August 17, 2020. Appellant's counsel has requested and received four extensions of time to file appellant's brief for a total of approximately 136 days to file the brief. When the fourth request for an extension was filed, counsel informed the Court that counsel had taken on an associate to "ensure the brief is completed by the date requested." The Court granted the extension; but the brief has not been filed. Instead, counsel requests another extension of time to file the brief.

In this fifth motion, counsel proposes an 8-day extension of time to file his brief, but makes no mention of the previously described associate, including why the associate

could not complete the brief when counsel developed "an unexpected bad reaction" to medication.

We understand that counsel has done everything within his ability that his personal situation will allow to represent the client that he was appointed to represent, but that under the circumstances, it has become necessary that the client and the trial court that made the appointment be involved in the decision of whether it is time for additional counsel or substitute counsel to be appointed. Moreover, we note that only in rare instances may appointed counsel be removed over the objection of the client. *See In re Fletcher*, 584 S.W.3d 584, 589-590 (Tex. App.—Houston [1st Dist.] 2019, orig. proceeding).

Accordingly, this appeal is ABATED to the trial court to hold a hearing to determine whether appointed counsel is able to fulfill his duties and obligations to this appellant, whether appellant is receiving affective assistance of counsel, and if not, whether to appoint new or additional counsel to represent appellant effectively. The trial court is ordered to hold such hearing, either in person or virtually, within 35 days from the date of this order. A supplemental clerk's record containing the trial court's written determination must be filed within 42 days from the date of this order.

PER CURIAM

Before Chief Justice Gray,
　　　Justice Davis, and
　　　Justice Neill
Appeal abated
Order issued and filed December 2, 2020
[RWR]

